UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RACHELLE GULI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES ATTORNEY'S OFFICE OF THE NORTHERN DISTRICT OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No. 3:15-cv-03307-LB<br><br>**ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF No. 12] |

## INTRODUCTION

Rachelle Guli sued her former employer, the United States Attorney's Office of the Northern District of California ("USAO"), for discrimination and retaliation. (Complaint, ECF No. 1.[1]) The USAO moves to dismiss all of Ms. Guli's claims. (Motion, ECF No. 12.) Ms. Guli concedes that seven of the claims should be dismissed, but opposes the motion with respect to the remaining claim. (Opposition, ECF No. 19.) Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument. The court grants the USAO's motion, dismisses claims one and two without prejudice and with leave to amend, and dismisses claims three through eight with prejudice.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-cv-03307-LB)

**STATEMENT**

Ms. Guli is a Filipino female who is gay. (Complaint, ECF No. 1, ¶ 3.) She is married to a woman. (*Id.* ¶ 4.) She is a member of the United States Uniformed Forces. (*See id.* ¶¶ 10, 41.)

On August 10, 2014, the USAO hired Ms. Guli as a Supervisory Information Technology Specialist (Systems Manager). (*Id.* ¶ 3.) She supervised five Information Technology Specialists, assisted with projects, and insured systems and network operability. (*Id.*) Brian Wickett, the Security Manager, was her supervisor. (*Id.*) Mr. Wickett's supervisor was Mary Cooper, an Administrative Officer. (*Id.*)

This action involves a dispute about Ms. Guli's working hours, a break she took, and Mr. Wickett's response. At a high level, the narrative is as follows. When Ms. Guli started at the USAO, she had to work from 9:00 a.m. to 6:00 p.m. each day without taking a rest or meal break. (*Id.* ¶ 7.) Ms. Guli complained to Mr. Wickett about not being able to take these breaks, but he dismissed or did not respond to her complaints. (*Id.*) He also told her that she was not the "best suited for the job, but [the USAO] had to hire [her] because of [her] Vet status." (*Id.* ¶ 10.)

After working at the USAO for a few weeks, Ms. Guli brought a picture of her wife to put in her office. (*Id.* ¶ 12.) After Mr. Wickett saw it, he became unresponsive to her. (*Id.*) Ms. Guli formally informed the USAO about her sexual orientation in October 2014. (*Id.* ¶ 4.)

On September 24, 2014, without telling Mr. Wickett but thinking it would be alright, Ms. Guli left the office for about 30 minutes from 5:15 p.m. to 5:45 p.m. to go to a pharmacy. (*Id.* ¶ 16.) While she was out, Mr. Wickett called her and asked her to assist Ms. Cooper. (*Id.*) After Ms. Guli returned to the office, she found Ms. Cooper, but it turned out that Ms. Cooper no longer needed Ms. Guli's assistance. (*Id.*) Ms. Guli thought that was the end of it. (*Id.*)

It was not. Mr. Wickett questioned Ms. Guli about her absence on September 29, September 30, and October 3, 2015, and ultimately he charged her with being "AWOL" for one and a half hours. (*Id.* ¶¶ 17-23.) On October 10, 2014, Ms. Guli met with Mr. Wickett and a representative from the Human Resources department regarding Mr. Wickett's AWOL charge. (*Id.* ¶ 25.) The meeting became contentious, there was confusion about what Ms. Guli's work hours actually were supposed to be, and when Ms. Guli asked the human resources representative about the federal

ORDER (No. 3:15-cv-03307-LB)

2

1  guidelines regarding working hours, Mr. Wickett ended the meeting. (*Id.* ¶¶ 25-28.) Mr. Wickett
2  gave Ms. Guli seven days to resign or face serious discipline. (*Id.* ¶ 27.) About 15 minutes later,
3  Mr. Wickett and the Human Resources representative asked Ms. Guli if they could state that she
4  took her lunch breach from 5:15 p.m. to 5:45 p.m. on September 24 and only charge her with
5  being AWOL for 45 minutes. (*Id.* ¶ 29.) Ms. Guli responded that this "wasn't her call." (*Id.*)

6  Thereafter, Mr. Wickett gave Ms. Guli a notice of intent to terminate her employment, and her
7  employment was terminated on January 8, 2015. (*Id.* ¶ 32.)

8  On January 8, 2015 (the same day her employment was terminated), Ms. Guli filed an EEO
9  complaint with the Department of Justice, by which she challenged her termination on the bases of
10 race, sex, and sexual orientation discrimination, and of reprisal. (*Id.* ¶ 6.; Olsen Decl., ECF No.
11 20-1, Ex. A (EEO Complaint dated January 8, 2015).[2]) DOJ investigated her complaint, and on
12 July 1, 2014 it issued a Final Agency Decision concluding that the record did not support Ms.
13 Guli's allegations that she was subjected to discrimination or a hostile work environment because
14 of her race, sex, sexual orientation, or prior EEO activity. (Complaint, ECF No. 1, ¶ 6; Olsen
15 Decl., ECF No. 20-1, Ex. B (DOJ Final Agency Decision dated July 1, 2015).) DOJ also informed
16 Ms. Guli of her right to appeal its decision to the Merit Systems Protection Board ("MSPB") or
17 file a complaint in federal district court. (Complaint, ECF No. 1, ¶ 6; Olsen Decl., ECF No. 20-1,
18 Ex. B.)

19 On January 15, 2015, a week after she filed her EEO complaint with DOJ, Ms. Guli filed an
20 appeal with the MSPB challenging the termination. (Olsen Decl., ECF No. 20-1, Ex. C.) On
21 February 19, 2015, the MSPB dismissed her appeal without prejudice to re-filing it because at that
22 time it was premature in light of her then-pending EEO complaint. (*Id.* (citing 5 C.F.R. §
23 1201.154(c)).)

24 On July 16, 2015, Ms. Guli filed a complaint against the USAO in this court. (*See generally*

---

[2] Generally, the court does not consider material beyond the pleadings in ruling on a motion to dismiss. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). But Ms. Guli's complaint refers to and relies on her administrative complaints and the decisions thereon. (See Complaint, ECF No. 1, ¶ 6.) The court thus considers those complaints and decisions—attached as exhibits to the Olsen Declaration (ECF No. 20-1)—under the incorporation-by-reference doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

ORDER (No. 3:15-cv-03307-LB)

3

1  *id.*) She brings the following eight claims: (1) race, sex, and national origin discrimination in
2  violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (2) retaliation in
3  violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(3)(a); (3) military service
4  discrimination in violation of the Uniformed Services Employment Rights Act ("USERRA"), 38
5  U.S.C. §§ 4301-4333; (4) retaliation in violation of California Labor Code §§ 1102.5 and 98.6; (5)
6  failure to provide meal and rest breaks in violation of California Labor Code § 226.7; (6) failure to
7  pay overtime wages in violation of California Labor Code §§ 510, 201, 11010-11130, and 1160;
8  (7) willful failure to pay wages upon separation in violation of California Labor Code §§ 201-203,
9  218, and 1194; and (8) failure to provide accurate itemized wage statements and to maintain
10 adequate records in violation of California Labor Code §§ 226 and 1174. (*Id.* ¶¶ 33-67.)

On September 28, 2015, the USAO filed a motion to dismiss Ms. Guli's complaint. (Motion, ECF No. 12.)

## ANALYSIS

The USAO moves to dismiss claims one and two for failure to name the correct defendant. (Motion, ECF No. 12 at 3-4.) Ms. Guli does not oppose the dismissal of those claims so long as she is given leave to amend them. (Opposition, ECF No. 19 at 1-2.) The court believes this is the correct approach. The court therefore dismisses claims one and two without prejudice and with leave to amend.

The USAO also moves to dismiss claims four through eight in part because the government cannot be held liable for violations of California's wage-and-hours laws. (Motion, ECF No. 12 at 5-7.) Ms. Guli concedes this point and says that she intends to allege federal wage-and-hour claims under the Fair Labor Standards Act ("FLSA") instead. (Opposition, ECF No. 19 at 5.) The court dismisses claims four through eight with prejudice. The plaintiff may allege any new claims in her amended complaint.

The remaining claim is claim three, which alleges military service discrimination in violation of the USERRA. The USERRA prohibits employers, including federal agencies, from discriminating against employees on the basis of their military status. *See* 38 U.S.C. §§ 4311, 4324. Claims under the USERRA must be presented to the MSPB, and the claimant has a right to

ORDER (No. 3:15-cv-03307-LB)                                    4

1 appeal to the Federal Circuit. *See* 38 U.S.C. § 4324; *Dew v. United States*, 192 F.3d 366, 372 (2d
2 Cir. 1999); *see also Wilborn v. Johnson*, 592 Fed. App'x 571, 572 (9th Cir. Jan. 30, 2015). Here,
3 the USAO says that Ms. Guli never presented her USERRA claim to the MSPB and it therefore
4 moves to dismiss the claim for lack of subject-matter jurisdiction. (Motion, ECF No 12 at 4-5); *see*
5 *Heckman v. Jewell*, 40 Fed. App'x 800, 802 (9th Cir. Oct. 4, 2013) (remanding action and
6 instructing the district court to dismiss the plaintiff's USERRA claim for lack of subject-matter
7 jurisdiction because the plaintiff failed to show that he presented his claim to the MSPB); *Gafford*
8 *v. McDonald*, No. 4:14-cv-01603-JAR, 2015 WL 4651827, at *4 (E.D. Mo. Aug. 5, 2015)
9 (dismissing a plaintiff's USERRA claim for lack of subject-matter jurisdiction because the
10 plaintiff never presented his claim to the MSPB).

11 Ms. Guli responds by arguing that the court has jurisdiction because this is a so-called "mixed
12 case." (Opposition, ECF No. 19 at 24.) A mixed case is "[w]hen an employee complains of a
13 personnel action serious enough to appeal to the MSPB and alleges that the action was based on
14 discrimination." *Kloeckner v. Solis*, --- U.S. ----, 133 S.Ct. 596, 601, 184 L.Ed.2d 433 (2012). This
15 argument does not change the outcome. Even for mixed cases, Ms. Guli was required to file her
16 USERRA claim with the MSPB. *See Sloan v. West*, 140 F.3d 1255, 1259-61 (9th Cir. 1998)
17 (describing in detail, and with citation to the relevant statutes and regulations, the many possible
18 administrative routes a claimant may follow, all of which require a claimant to present a USERRA
19 claim to the MSPB). As the government points out, after DOJ issued its Final Agency Decision,
20 Ms. Guli could have filed another appeal to the MSPB and raised an USERRA claim. (Reply, ECF
21 No. 20 at 3 (citing 5 C.F.R § 1208.16 and *Graham v. Commodities Futures Trading Comm'n*, 105
22 M.S.P.R. 392, 395 (2007)); *see also* Olsen Decl., ECF No. 20-1, Ex. C (MSPB dismissal order
23 informing Ms. Guli of her right to re-file her MSPB complaint).) She did not. Instead, she filed an
24 EEO complaint with the Department of Justice, and then she filed this action. (Complaint, ECF
25 No. 1, ¶ 6; Olsen Decl., ECF No. 20-1, Ex. A.) She did not raise a USERRA claim in her EEO
26 complaint, and she could not have because military status is not a protected ground under Title
27 VII, the Rehabilitation Act, or the Age Discrimination in Employment Act. By not presenting her
28 USERRA claim to the MSPB, she waived it. *See Sloan*, 140 F.3d at 1260 ("If a complainant

ORDER (No. 3:15-cv-03307-LB)

5

1   wishes to preserve both [her discrimination and her non-discrimination] claims, he or she must not
2   pursue an appeal of the EEO decision with the EEOC. Rather, he or she must file the appeal with
3   the MSPB, or be deemed to have waived the non-discrimination claim."). Accordingly, the court
4   dismisses it with prejudice.

## CONCLUSION

The court grants the USAO's motion. The court dismisses claims one and two without prejudice and with leave to amend, and dismisses claims three through eight with prejudice. Ms. Guli may file a First Amended Complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: December 2, 2015



_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER (No. 3:15-cv-03307-LB)

6